UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DISABILITY RIGHTS COUNCIL OF GREATER WASHINGTON** *et al.*, <br> Plaintiffs, <br><br> v. <br><br> **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,** <br> Defendant. | Civ. A. No. 04-498 (HHK/JMF) |

**MEMORANDUM OPINION**

This case was referred to me for resolution of discovery disputes. Currently pending before me for resolution is defendant's <u>Motion Seeking a Determination that Plaintiffs' Objections to Admissions Are Unjustified and Matters Be Admitted</u>. For the reasons stated herein, defendant's motion will be denied.

**I.   BACKGROUND**

Disabled individuals and the Disability Rights Council of Greater Washington (collectively "plaintiffs") filed this lawsuit against the Washington Metropolitan Area Transit Authority ("WMATA") alleging that WMATA has failed to provide adequate paratransit services in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq*.

On April 21, 2005, WMATA served its First Request for Admissions upon plaintiffs, which included twenty-five separate requests. In response, plaintiffs objected to each of WMATA's requests, but answered, at least in part, two of the requests. WMATA subsequently filed the present motion asserting that plaintiffs' objections were inappropriate and asking the

court to deem the requests admitted.

## II. DISCUSSION

Rule 36 of the Federal Rules of Civil Procedure provides that a "party may serve upon any other party a written request for the admission . . . of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact . . . ." Fed. R. Civ. P. 36(a). The rule further provides that, unless the party to whom the request is directed provides an answer or objection within thirty days, the matter is admitted. Id. Once a party has responded to a request with either an answer or an objection, "[t]he party who has requested the admissions may move to determine the sufficiency of the answers or objections." Id. If the party objected to the request and the court finds that the objection was unjustified, then the court "shall order that an answer be served." Id. After an answer has been served, if the court finds that the answer does not comply with Rule 36, then it may order that the matter is admitted or that an amended answer be served. Id.

In compliance with Rule 36, plaintiffs provided written objections to WMATA's requests within thirty days of its receipt of the same. WMATA argues, however, that their objections were inappropriate and, therefore, the requests should be admitted. As a threshold matter, WMATA's request that the matters be deemed admitted is premature. WMATA has skipped an important step required by Rule 36 – it did not first move the court to determine the sufficiency of plaintiffs' objections and order that the requests be answered. Accordingly, it would not be appropriate for me to order the matters admitted at this time. But, even if WMATA had moved for the appropriate remedy (*i.e.,* an order that the requests be answered), I find that plaintiffs' objections were entirely appropriate.

2

In most of its requests, WMATA asks plaintiffs to admit or deny that there is no provision of the ADA, the Rehabilitation Act, or the Federal Transit Administration ("FTA") regulations and guidance applicable to various claims stated in the complaint. For example, Request No. 3 states: "Admit that the FTA has not adopted any regulations nor published any guidance requiring 'drivers to compensate for traffic and accidents on their route.'" Memorandum of Points and Authorities in Support of Motion Seeking a Determination that Plaintiffs' Objections to Admissions Are Unjustified and Matters Be Admitted ("Def.'s Mem."), Exh. A at 3. As another example of this type of request, Request No. 12 states: "Admit that neither the ADA nor the Rehabilitation Act contain standards regarding 'discourteous drivers' as referred to in paragraph 38(a) of the Complaint." Id., Exh. A at 6.

Similarly, in several requests, WMATA asks plaintiffs to admit whether or not various things are required by the ADA, the Rehabilitation Act, and the FTA regulations and guidelines. For example, Request No. 5 states: "Admit that the FTA regulations specifically provide that operational problems attributable to causes beyond the control of a paratransit provider, including, but not limited to weather or traffic conditions may not be considered in determining whether there are capacity constraints." Id., Exh. A at 3. As another example, Request No. 21 states: "Admit that neither the ADA nor the Rehabilitation Act require that paratransit vehicles be equipped with adequate heat and air conditioning systems as referred to in paragraph 38(a) of the Complaint." Id., Exh. A at 9. Plaintiffs object to all such requests on the ground that they seek a legal conclusion. I agree.

In 1970, Rule 36 was amended to allow for requests applying law to fact. Fed. R. Civ. P. 36 advisory committee note (1970). It is still true, however, that one party cannot demand that

3

the other party admit the truth of a legal conclusion. See, e.g., Lakehead Pipe Line Co., Inc. v. Am. Home Assurance Co., 177 F.R.D. 454, 458 (D. Minn. 1997); Abbot v. United States, 177 F.R.D. 92, 93 (N.D.N.Y. 1997); English v. Cowell, 117 F.R.D. 132, 135 (C.D. Ill. 1986).  For example, it would be inappropriate for a party to demand that the opposing party ratify legal conclusions that the requesting party has simply attached to operative facts. Lakehead Pipe Line, 177 F.R.D. at 458.  See also Reichenbach v. City of Columbus, 2006 WL 143552 at *2 (S.D. Ohio 2006) (defendants properly objected to a request for admission asking them to admit that the curb ramp at issue was not compliant with the federal accessibility design standards on the ground that it sought a purely legal conclusion).

In its reply brief, WMATA relies heavily on Booth Oil Site Admin. Group v. Safety-Kleen Corp., 194 F.R.D. 76 (W.D.N.Y. 2000).  Unlike WMATA's requests, which ask plaintiffs to interpret federal laws, the requests at issue in Booth Oil asked the defendants to admit the accuracy of text quoted from a contract entered into between the parties and to admit the meaning of that contractual language. Booth Oil 194 F.R.D. at 79.  Unlike the existence of a statute, of which the court can take judicial notice, the existence of a contract and the language contained therein is a factual matter.  Moreover, the intent of the parties to a contract and what they understood the contract to mean is also an issue of fact.  In contrast to the situation in Booth Oil, WMATA is asking plaintiffs to state their understanding of federal law.  That is not a question of fact, but purely a legal matter.  Accordingly, I find that plaintiffs were justified in refusing to endorse the legal conclusions that WMATA was soliciting in Request Nos. 2-17 and 21-25.  I will address the remaining four requests individually.

In Request No. 1, WMATA asks plaintiffs to "[a]dmit that in Maryland, D.C. and

Virginia, any otherwise qualified voter who is a qualified person with a disability is entitled to vote by absentee ballot." Def.'s Mem., Exh. A at 2.  Plaintiffs objected to this request on the ground that it seeks a purely legal conclusion.  The court agrees.  There is nothing in this request that applies law to fact, let alone to the facts of this case.  Moreover, plaintiffs have no special knowledge that would enable them to answer the request with any more certainty than WMATA or the court through judicial notice.  Therefore, plaintiffs' objection was appropriate.

In Request No. 18, WMATA asks plaintiffs to "[a]dmit that consistent with the regulations, Metroaccess patrons must meet their rides at a designated pick-up spot, which is outdoors." Id., Exh. A at 8.  This request seeks a purely legal opinion about what is required by the FTA regulations.  Specifically, it asks whether the regulations require that Metroaccess patrons meet the Metroaccess vehicle at a designated outdoor pick-up spot.  Plaintiffs' objection was appropriate.

In Request No. 19, WMATA asks plaintiffs to "[a]dmit that as because the service requires pick-up outdoors, Metroaccess-patrons will sometimes be exposed to the elements." Id.  Although they objected to the request in part on the ground that it required a legal conclusion, plaintiffs admitted that "Metroaccess patrons may be exposed to the elements when the pick-up is outdoors." Id.  Therefore, the only issue is whether plaintiffs' objection to the first half of the request, relating to whether "the service requires pick-up outdoors," was proper.  Like Request No. 18, that question calls for a legal opinion as to what is required under the relevant statutes and regulations and, therefore, plaintiffs' objection was appropriate.

Finally, in Request No. 20, WMATA asks plaintiffs to "[a]dmit that Metrobus riders are periodically exposed to the elements while they await pick-up by Metrobus." Id.  Although

plaintiffs' objected to this Request on the ground that it seeks irrelevant information about *Metrobus* patrons (as opposed to *Metroaccess* patrons), plaintiffs did in fact answer. Specifically, as they are permitted to do under Rule 36, they stated: "Based on the information in its possession following a reasonably diligent investigation, Plaintiffs cannot admit nor deny this Request." Id.  Because plaintiffs answered the request, the only issue that could be before me, but which is not, is the sufficiency of that answer.  Accordingly, there is no need to consider the appropriateness of its objection.

### III.   CONCLUSION

For the forgoing reasons, defendant's motion will be denied.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: