UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISABILITY RIGHTS COUNCIL OF GREATER WASHINGTON, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, *et al.*,<br><br>    Defendants. | Civ. A. No. 04-498 (HHK/JMF) |

## MEMORANDUM OPINION

This case was referred to me for the resolution of Defendants' Motion for Leave to File Third Party Complaint. For the reasons stated herein, defendants' motion will be denied.

## BACKGROUND

In 1999, the Washington Metropolitan Area Transit Authority ("WMATA") entered into a contract with LogistiCare, Inc. ("LogistiCare") that required LogistiCare to provide paratransit services in compliance with the requirements of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131 *et seq.*,[1] and section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*. Plaintiffs, users of WMATA's paratransit services, have sued WMATA claiming that the paratransit services provided are deficient. WMATA has recently moved for leave to file a third party complaint against LogistiCare, claiming a right to indemnification or contribution or, in the alternative, for breach of contract.

---

[1] All references to the United States Code are to the electronic versions that appear in Westlaw and Lexis.

**DISCUSSION**

The parties are agreed that whether to permit the filing of WMATA's third party complaint rests in the Court's discretion when, as is true here, more than ten days have elapsed since WMATA served its answer to plaintiffs' initial complaint. Fed. R. Civ. P. 14(a); Laffey v. Northwest Airlines, Inc., 567 F.2d 429, 477 (D.C. Cir. 1976), cert denied, 434 U.S. 1086 (1978). That discretion should be exercised by effectuating the purpose of Rule 14, which is to avoid circuity of action and eliminate duplication of suits based on closely related matters.[2]  The Court should also consider (1) potential prejudice to plaintiffs or LogistiCare; (2) whether the impleader will add new and complicated issues that will threaten the orderly and prompt resolution of the case and delay the trial; (3) whether defendants unreasonably delayed in filing the third party complaint; and (4) whether the third party complaint is so insubstantial that it fails to state a claim.[3]  It is said, however, that "if the claim is a proper third-party action and will not prejudice the other parties to the litigation, there is no reason to deny an application under Rule 14(a)." Wright & Miller, supra note 2, § 1443 at 303. See also Marseilles Hydro Power, L.L.C. v. Marseilles Land and Water Co., 299 F.3d 643, 650 (7th Cir. 2002).

---

[2] 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1443 (2d ed. 1990).

[3] See, e.g., Nova Prods., Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 240 (S.D.N.Y. 2004) Dishong v. Peabody Corp., 219 F.R.D. 382, 385 (E.D. Va. 2003);  Riccitelli v. Water Pik Techs., Inc., 203 F.R.D. 62 (D.N.H. 2001); Zeus Projects Ltd. v. Perez y Compania de Puerto Rico, Inc., 187 F.R.D. 23, 33 (D.P.R. 1999); New York v. Solvent Chem. Co., 875 F. Supp. 1015, 1021 (W.D.N.Y. 1995); Too, Inc. v. Kohl's Dep't Stores, Inc., 213 F.R.D. 138, 140 (S.D.N.Y. 2003); Int'l Paving Sys., Inc. v. Van-Tulco, Inc., 866 F. Supp. 682, 688 (E.D.N.Y. 1994); Blais Constr. Co. v. Hanover Square Assocs.-I, 733 F. Supp. 149, 158 (N.D.N.Y. 1990); Gross v. Hanover Ins. Co., 138 F.R.D. 53 (S.D.N.Y. 1991); Greene Line Mfg. Corp. v. Fibreboard Corp., 130 F.R.D. 397, 400 (D. Ind. 1990).

Whether a complaint states a claim is judged by a forgiving standard[4] and there is no reason to suppose that a third party complaint should be judged by any other standard. Compare Kopan v. George Washington Univ., 67 F.R.D. 36, 38 (D.D.C. 1975) with Burris Foods, Inc. v. Deloitte & Touche, No. 89C-DE28, 1991 WL 215896, at *1-2 (Del. Super. Ct. Sept. 26, 1991). LogistiCare advances several arguments as to why it cannot be required to indemnify WMATA, but consideration of those arguments is premature; surely, the claim by WMATA that it is entitled to indemnification based on a written contract states a claim upon which relief can be granted under the controlling standard.

On the other hand, all of the other factors point towards denying WMATA's motion. First, WMATA was aware of its claimed right to indemnification from the moment this lawsuit was filed, but waited two years to assert that right. Second, WMATA asserts that right under markedly different circumstances. When the lawsuit was initiated, LogistiCare was the

---

[4] The court of appeals has stated:

> A complaint should not be dismissed for failure to state a claim unless, taking as true the facts alleged in the complaint, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). This is the standard because "the issue presented by a motion to dismiss is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Caribbean Broad. Sys. Ltd. v. Cable & Wireless PLC, 148 F.3d 1080, 1086 (D.C. Cir. 1998) (internal quotation marks omitted).

Rochon v. Gonzalez, 438 F.3d 1211, 1216 (D.C. Cir. 2006).

contractor providing WMATA's paratransit services and would have had a significant motive to defend its practices so that it could continue in that capacity.  LogistiCare, however, is no longer WMATA's paratransit contractor and it no longer has the same motive to defend itself in this lawsuit.  This lawsuit has changed fundamentally because its focus is now on the practices of the new contractor, MV Transportation.  It is, at best, unclear whether the services provided by LogistiCare will be relevant, other than as a standard by which the services being provided by MV Transportation can be judged.  Information as to the services provided by LogistiCare is available, however, from LogistiCare whether or not it is a party.  I do not think that it is fair that the question of whether LogistiCare should be awarded its costs for complying with plaintiffs' discovery, as it commendably has done, should be obviated by the mere stratagem of joining LogistiCare as a party.

While there appears to be no District of Columbia authority precisely on point, there appears to be a general rule that an indemnitor cannot be sued until the indemnitee is first held liable. 42 C.J.S. Indemnity § 54 (2005) ("Generally, . . . an indemnitee is not entitled to recover under the agreement until he has made an actual payment or has otherwise suffered an actual loss.").  There is an understandable tension between this principle that an indemnitor should not be sued before the indemnitee is held liable and the federal courts' practice of joining indemnitors as third parties under Rule 14.  In this context, it is important to bear in mind that the amount of indemnification to which WMATA may be entitled from LogistiCare is not great.  Plaintiffs concede that they seek injunctive relief and only nominal damages for the failure to receive the paratransit services to which they were entitled. Plaintiffs' Points and Authorities in Opposition to Defendants' Motion for Leave to File Third Party Complaint at 9.  Moreover, the

potential scope of LogistiCare's liability could be diminished even further if WMATA's recently filed motion for partial dismissal of plaintiffs' second amended complaint is granted. While WMATA may make a greater claim for indemnification than for the nominal damages that plaintiffs seek for alleged past injuries, WMATA loses nothing by having to await the resolution of this case before it can claim indemnification against LogistiCare. WMATA's claim for indemnification does not accrue, for statute of limitations purposes, until it is held liable and makes a payment. District of Columbia v. D.C. Transit Sys., 248 A.2d 184 (D.C. 1968). Indeed, LogistiCare's resistance to becoming a party may be an example of the Chinese Curse – may you get what you want. The very authority LogistiCare cites stands for the proposition that any judgment rendered in this lawsuit between plaintiffs and WMATA may bind LogistiCare, res judicata. While all of that remains to be seen, it suffices to say, for present purposes, that WMATA loses nothing if its motion is denied.

In summary, while WMATA's third party complaint states a claim, its two-year delay in attempting to implead LogistiCare, the significant reduction over the course of those two years in LogistiCare's role in this forwarding looking case, and the absence of any prejudice to WMATA if it must await resolution of this case before it sues LogistiCare, militates against granting WMATA leave to file its third-party complaint.

**CONCLUSION**

For the forgoing reasons, WMATA's motion for leave to file third-party complaint against LogistiCare will be denied.

_____
JOHN M. FACCIOLA
Dated:                              UNITED STATES MAGISTRATE JUDGE