UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DISABILITY RIGHTS COUNCIL OF
GREATER WASHINGTON *et al.*,

    Plaintiffs,

    v.

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY, *et al.*,

    Defendants.

Civ. A. No. 04-498 (HHK/JMF)

**MEMORANDUM ORDER**

This case was referred to me for the resolution of discovery disputes. Currently pending before me is <u>Defendants' Motion for Reconsideration of Scheduling Order</u> [#102]. There are fourteen named plaintiffs in this case predicated on plaintiffs' dissatisfaction with the services provided them by the defendants through the system known as "MetroAccess." My scheduling order, issued July 19, 2006, permitted each side (*inter alia*) fifteen depositions. Defendants (collectively "WMATA") now move me to reconsider that aspect of the scheduling order.

In previously moving for expedited discovery, plaintiffs related the experiences of thirty-nine dissatisfied customers in numerous MetroAccess customer declarations. Some of the declarations were submitted by individuals, while others, submitted by paralegals, recounted the experience of customers, identified as "Rider #1," "Rider #2," and so forth.

WMATA protests that it should have the right to depose the thirty-nine dissatisfied customers who, although not named plaintiffs, will be members of the class the named plaintiffs

purport to represent, if that class is certified.[1]  Thus, WMATA seeks the right to take sixty depositions so that it can depose the named plaintiffs and the absent class members who either submitted a declaration or whose complaints are recounted in the summary declarations of the paralegals.

Plaintiffs protest that they have already agreed that they will permit WMATA "to interview members of the purported class to the extent that they genuinely believe this is vital to their defense."  Plaintiffs' Memorandum of Points and Authorities Opposing Reconsideration of Scheduling Order at 3.

Discovery of absent class members is permitted but limited, lest "[o]ne of the principal advantages of class over massive joinder or consolidation would be lost if all class members were routinely subject to discovery." Federal Judicial Center, Manual for Complex Litigation (Fourth) (2004) § 21.41 at 302.   Hence, for class actions, the federal courts have imposed discovery limitations that would not be permitted in a non-class action.  Id.  See, e.g., United States v. Trucking Employers, Inc., 72 F.R.D. 101, 105 (D.D.C. 1976) (permitting interrogatories to be served on absent class members upon a showing of necessity); Robertson v. Nat'l Basketball Ass'n, 67 F.R.D. 691, 700 (S.D.N.Y. 1975) (limiting number of class members' depositions).

As the section of the Manual for Complex Litigation, quoted above, indicates, courts have often permitted the use of questionnaires as a means of obtaining discovery from absent class members.  Here, such a questionnaire would be redundant because the thirty-nine absent class members have already submitted their experiences in writing and, on occasion, opined why

---

[1] In the cases, such persons are called "absent class members."

they consider the service they have received dreadful. Nevertheless, a case can be made that, because these statements will be relied upon and because these customers may be witnesses, WMATA has the right to discovery beyond what the absent class members have said to establish the factual incorrectness of what they have said or to see if their experiences were frequent or aberrational. Thus, WMATA seems to have made a case for additional discovery. Nevertheless, I will not permit such discovery to be any more burdensome than necessary and I will proceed in stages by permitting WMATA to take an additional twenty depositions, for a total of thirty-five. After WMATA has taken these depositions, I will hear from WMATA and the plaintiffs as to whether I should permit additional depositions. In other words, while WMATA may avail itself of the opportunity to interview all thirty-nine absent class members, it will have to choose which of those it will submit to a formal deposition. Each of the additional twenty depositions I am permitting shall last no more than two hours.

Finally, I am acutely aware that plaintiffs are entitled to MetroAccess because they are disabled. I expect WMATA to deliver each of them to wherever the deposition will be taken and to return them promptly to their homes once they are finished. Failure to do so will bring the depositions I am permitting to an end.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: